UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RONNY LEE WALDRIP** | : | **DOCKET NO. 18-cv-39** |
| **BOP # 00775-122** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by pro se plaintiff Ronny Lee Waldrip, who is not proceeding in forma pauperis in this matter. Waldrip is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). Doc. 4.

### I.
#### BACKGROUND

Waldrip states that Calvin Johnson, warden of FCIO, has denied his request for Trulincs[1] access. Doc. 4, p. 3. He maintains that "numerous like-situated inmates" have been granted such access. *Id.* He now brings suit in this court, seeking injunctive relief, compensatory damages, and reimbursement for the filing fee in this case. *Id.* at 4.

---

[1] The Trust Fund Limited Inmate Computer System ("Trulincs") is a program used by the BOP to allow inmates with limited computer access, including the ability to send and receive electronic messages, without having access to the Internet. *Hammonds v. Fed. Bureau of Prisons*, 2012 WL 759886 at *1 n. 1 (N.D. Tex. Mar. 7, 2012); *see* BOP Program Statement § 4500.11 (regulations impacting trust fund systems, including Trulincs).

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Waldrip's claims are subject to screening under the Prison Litigation Reform Act. 28 U.S.C. § 1915A. Under that law, a district court is required to review any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee, regardless of whether he has paid the filing fee, and to dismiss same under § 1915A(b)(1) if the complaint is frivolous. *Thompson v. Hayes*, 542 Fed. App'x 420, 420–21 (5th Cir. 2013). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). When determining whether a complaint is frivolous, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995).

### B. *Bivens/42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.") In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

### D. Application

#### 1. Trulincs Access

We surmise that Waldrip is alleging either a due process or, more likely, equal protection violation from the denial of his request for Trulincs access. As multiple courts have recognized, use of the Trulincs system is merely an institutional privilege and not a constitutionally protected right. *Larson v. Mejia*, 2015 WL 9243812 at *4–*5 (N.D. Tex. Nov. 9, 2015) (and cases cited therein); *see also Hoffman v. Fed. Bureau of Prisons*, 2013 WL 5529612 at *4 (S.D. Ill. Oct. 7, 2013). Trulincs usage may be limited at the warden's discretion without due process restrictions. *Larson*, 2015 WL 9243812 at *5. Thus, any due process claim relating to denial of Trulincs access would fail.

To the extent that Waldrip would allege an equal protection violation, he fails to identify his membership in a suspect class. Whether based on his membership in a non-suspect class or his identification of a "class of one," based on allegations that he was singled out for different treatment for no rational reason, his claim would be subject to rational basis review. *See Wottlin v. Fleming*, 136 F.3d 1032, 1036–37 (5th Cir. 1998); *Lindquist v. City of Pasadena, Tex.*, 656 F.Supp.2d 662, 685–86 (S.D. Tex. 2009). Therefore he would be required to show that the decision was not rationally related to a legitimate government objective. *Wottlin*, 136 F.3d at 1037.

Even if Waldrip could show that restriction on Trulincs access infringed on his First Amendment rights, the prison would only be required to show that the restriction was reasonably related to a legitimate penological interest. *See Larson*, 2015 WL 9243812 at *6–*7 (citing *Solan v. Zickefoose*, 530 Fed. App'x 109, 110–11 (5th Cir. 2013)). When the warden's decision is based on the guidance for denying Trulincs access under BOP Program Statements, it is generally upheld and claims against it may be dismissed as frivolous. *Id.*; *see also Gatch v. Walton*, 2013 WL 6405831 (S.D. Ill. Dec. 6, 2013).

Waldrip only offers that other, similarly situated inmates, including one named fellow inmate, have been granted Trulincs access. Docs. 1, 4. He does not explain how these inmates are similar or provide the warden's explanation for the denial in his case. He also fails to allege whether he is a member of a suspect class, which would shift the burden of any equal protection claim and heighten the level of scrutiny applied. We note that Waldrip was convicted of sexual exploitation of children in 2014. *United States v. Waldrip*, No. 13-cr-566 (D. Haw. Jun. 24, 2015). Although offenders may not be categorically excluded from Trulincs based on general categorizations of previous conduct, they may be properly excluded when their personal history shows that Trulincs access could jeopardize legitimate penological interests. *Gatch*, 2013 WL 6405831 at *2. Such circumstances have been found where the inmate's offense behavior involved soliciting minors for sexual activity or using computers as a conduit for committing illegal activities. *Id.*; *Larson*, 2015 WL 9243812 at *3–*4.[2]

Accordingly, Waldrip must amend his petition in order for us to determine what basis of review applies to his claim and whether there is any merit to his claim. To this end, he should

---

[2] These decisions were based on BOP Program Statement 5265.13, which is now incorporated into Program Statement 4500.11. Program Statement 4500.11 provides, in relevant part:
> Inmates whose offense, conduct, or other personal history indicates a propensity to offend through the use of email **or** jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction.

BOP PS 4500.11 § 14.9(a)(1), "Sex Offenders" (emphasis added).

clarify whether he believes he is a member of any suspect class. He should describe in what specific respects the "numerous like-situated inmates" who have been granted Trulincs access are similar to him. He should also provide the BOP's responses to his administrative remedies, so that we might review the reasoning offered for the warden's decision.

### 2. *Statute of Limitations*

Because there is no federal statute of limitations for a *Bivens* action, federal courts apply the forum state's limitations period for personal injury claims. *Rankin v. United States*, 556 Fed. App'x 305, 310 (5th Cir. 2014) (citing *Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010)). In Louisiana, such claims are subject to a one year prescriptive period. La. Civ. Code art. 3492. The date when a *Bivens* action accrues is determined by federal law and runs from the time "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Adrian v. Selbe*, 364 Fed. App'x 934, 937 (5th Cir. 2010) (quoting *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589–90 (5th Cir. 1999)). The statute of limitations is tolled, however, while a prisoner exhausts his administrative remedies, as required under 42 U.S.C. § 1997e. *Starks v. Hollier*, 295 Fed. App'x 664, 665 (5th Cir. 2008).

Waldrip does not indicate when his claim arose. However, he states that he has exhausted his administrative remedies, and we note that he previously sought relief on this claim in a habeas action, which was dismissed without prejudice for seeking relief better suited to a civil rights suit. *See Waldrip v. Johnson*, No. 2:17-cv-556 (W.D. La. Dec. 13, 2017). In order for us to determine whether this claim is barred by the statute of limitations, Waldrip should amend his petition to state (1) when his claim arose; (2) the dates his administrative remedies were pending; and (3) any other basis for tolling.

# III.
## CONCLUSION

Waldrip's pro se complaint is deficient as described above. Before this court determines the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies of his complaint or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Waldrip at his last address on file.

**IT IS ORDERED** that Waldrip amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915A or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Failure to cure deficiencies as outlined above will also result in a recommendation that claims be dismissed as frivolous under § 1915A.

Waldrip is further required to notify the court of any change in his address under LR 41.3. Failure to comply will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 9th day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE